| | |
|---|---|
| **BAKER BOTTS L.L.P.**<br>Jessica B. Pulliam, TX SBN 24037309<br>*jessica.pulliam@bakerbotts.com*<br>2001 Ross Avenue, Suite 900<br>Dallas, TX  75201-2980<br>Telephone:      214.953.6500<br>Facsimile:       214.953.6503<br><br>David R. Eastlake, TX SBN 24074165<br>*david.eastlake@bakerbotts.com*<br>910 Louisiana Street<br>Houston, Texas 77002-4995<br>Telephone:      713.229.1234<br>Facsimile:       713.229.1522<br><br>*Co-Counsel for Alta Power LLC* | **JORDAN, LYNCH & CANCIENNE PLLC**<br>Michael Cancienne<br>State Bar No. 24055256<br>Kevin Jordan<br>State Bar No. 11014800<br>Joseph W. ("Jeb") Golinkin II<br>State Bar No. 24087596<br>1980 Post Oak Blvd., Ste. 2300<br>Houston, Texas 77056<br>713.955.4028<br>713.955.9644 Facsimile<br>*mcancienne@jlcfirm.com*<br>*kjordan@jlcfirm.com*<br>*jgolinkin@jlcfirm.com* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| WATTSTOCK, LLC, | ) | Case No. 21-31488 (SGJ) |
|     Debtor. | ) | |
| | ) | |
| WATTSTOCK, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALTA POWER LLC | ) | |
|     Defendant, Counter-Plaintiff, and | ) | |
|     Third-Party Plaintiff, | ) | Adv. Proc. No. 21-03083 |
| | ) | |
| v. | ) | |
| | ) | |
| WATTSTOCK, LLC, | ) | |
|     Counter-Defendant, and, | ) | |
| | ) | |
| GENERAL ELECTRIC INTERNATIONAL, | ) | |
| INC., d/b/a GE POWER SERVICES, | ) | |
|     Third-Party Defendant. | ) | |

**ALTA POWER LLC'S MOTION TO WITHDRAW THE REFERENCE**

**TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to 28 U.S.C. § 157, Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 5011.1, Defendant, Counter-Plaintiff, and Third-Party Plaintiff Alta Power LLC ("Alta Power") in the above-captioned adversary proceeding (the "Adversary Proceeding"), files this motion seeking entry of an Order by the United States District Court for the Northern District of Texas (the "District Court") withdrawing the reference for the Adversary Proceeding from the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court").[1] In support of this motion, Alta Power respectfully shows as follows:

**FACTUAL BACKGROUND**

1. On June 16, 2020, WattStock, LLC (the "Debtor" or "WattStock") filed its Original Petition against Alta Power in the District Court of Dallas County, styled *WattStock, LLC v. Alta Power, LLC*, Cause No. DC-20-08331 (the "State Court Action"). *See*, Adv. Proc. Docket No. 1-3, State Court Pleadings at 1 ("Plaintiff's Original Petition"). In its Original Petition, WattStock seeks money damages under state common law for alleged breaches of contract, quantum meruit, fraud and negligent misrepresentation based on purported conduct in 2019 and 2020. *See*, Adv. Proc. Docket No. 1-3, State Court Pleadings at 102, ¶¶ 28–53 ("Plaintiff's First Amended Petition").

---

[1] Federal Rule of Bankruptcy Procedure 5011 states that "a motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Local Bankruptcy Rules 5011.1 provides that a motion to withdraw the reference shall be directed to the District Court but shall be filed with the clerk of the Bankruptcy Court. L. Bankr. Rules 5011.1. A status conference on the motion shall be held by the Bankruptcy Court with notice to all parties involved in a contested matter or adversary proceeding of which the reference is proposed to be withdrawn. *Id.* At the status conference, the Bankruptcy Court is to consider (among other things): (1) whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge; and (2) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial. *Id.*

2.     On February 24, 2021, Alta Power filed its First Amended Answer and Counterclaim and Original Third-Party Petition (the "Counterclaim") bringing state law claims against WattStock and General Electric International Inc. ("GE") (a non-debtor unaffiliated with the Debtor and its estate) for declaratory judgment, fraud, and negligent misrepresentation. *See* Adv. Proc. Docket No. 1–4, State Court Pleadings at 15, ¶¶ 104–157 ("Alta Power LLC's First Amended Answer and Counterclaim and Original Third-Party Petition"). Alta Power additionally brings state law claims against GE for respondeat superior and unjust enrichment and against WattStock for breach of contract, conversion, and violations of the Texas Theft Liability Act. *Id*.

3.     Both prior to Alta Power and WattStock entering into the February 27, 2019 Master Agreement and following, WattStock and GE knowingly made material misrepresentations, including leading Alta Power to believe that GE's involvement would insulate Alta Power from concerns related to the financial viability of WattStock and leading Alta Power to believe that WattStock and GE could provide quality, used turbines at prices within Alta Power's budget. Indeed, WattStock and GE identified such turbines and provided detailed total cost build ups only to later reveal that the turbines were (1) burdened by undisclosed liabilities of which they were aware all along, (2) prohibitively expensive for refurbishment, or (3) not available as marketed.

4.     On December 23, 2019, Alta Power entered into a Limited Notice to Proceed ("LNTP") with WattStock to acquire two used gas turbines for a total price of almost $20 million. The purchase price included a supposed "not to exceed" price of $6.5 million for the turbines, plus the balance for their transportation, refurbishment, and installation at Alta Power's plant. Alta paid $1.5 million shortly after executing the LNTP so that WattStock and GE could secure long-lead hardware, start engineering activities, and deliver preliminary drawings for the project. Only after entering into the agreement (and paying the initial $1.5 million) did Alta Power discover that

the turbines were burdened by GE "Long Term Service Agreement" termination fees that raised the acquisition price an additional $1.5 million (on top of the $6.5 million not to exceed price). Not only did GE fail to disclose these fees to Alta Power, it refused to waive them and demanded that Alta Power pay GE millions more dollars as a result.

5. On August 17, 2021, WattStock filed a voluntary petition for relief under chapter 11, subchapter V, of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.

6. Faced with the possibility of being left without relief from WattStock, Alta Power filed its proof of claim (only as to its claims against WattStock) in the chapter 11 case on September 9, 2021 [Claim No. 1] (the "Proof of Claim"). In its Addendum to Proof of Claim, Alta Power expressly reserved its right to trial by jury, stating "[t]he filing of this Proof of Claim shall not be deemed or construed as: (i) consent by Alta Power to the jurisdiction of the Court . . . . and shall not be deemed or construed as a waiver or release of Alta Power's . . . right to trial by jury in any proceeding as to any matters triable [or] right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; or right to move to withdraw the reference . . . ." Claim No. 1-2, at 8.

7. On November 9, 2021, WattStock filed its Notice of Removal, removing the State Court Action to this Court, thereby commencing the Adversary Proceeding. Adv. Proc. Docket No. 1. The Court has set a status conference in the Adversary Proceeding for January 6, 2022 at 2:30 p.m. CST. Alta Power respectfully requests that the status conference required under Local Bankruptcy Rule 5011.1 for this Motion also be set for January 6, 2022 at 2:30 p.m. CST.

**RELIEF REQUESTED**

8. Alta Power respectfully requests, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011 and Local Bankruptcy Rule 5011.1, that (1) the Bankruptcy Court recommend to the District Court that the reference be immediately withdrawn as to all claims in the Adversary Proceeding, or, alternatively, that the reference be immediately withdrawn in part as to all claims asserted by Alta Power against non-debtor GE; and (2) the District Court enter an order (a) immediately withdrawing the reference in whole or, alternatively, in part as to all claims asserted by Alta Power against non-debtor GE in the Adversary Proceeding, and (b) granting Alta Power all such other and further relief as the District Court deems just and equitable.[2]

**ARGUMENT & AUTHORITIES**

9. Pursuant to 28 U.S.C. § 157(d) a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party for cause shown." The Fifth Circuit has identified six factors for determining whether permissive withdrawal of the reference is appropriate "(1) whether the matter is core or noncore; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process." *In re Highland Capital Mgmt. L.P.*, No. 19-34054-SGJ-11, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. July 7, 2021) (J. Jernigan) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985)). "Courts in this district have placed an emphasis on the first two factors." *Id*. Here,

---

[2] If it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, Alta Power does not consent to entry of any such final orders or judgments by the Bankruptcy Court.

both of those factors weigh in favor of withdrawal, as do the other *Holland* factors.

**A.     The Claims at Issue in the Adversary Proceeding are Non-Core.**

10.     The District Court should withdraw the reference because, contrary to WattStock's allegations (Notice of Removal at ¶ 6), the Adversary Proceeding involves only non-core, state-law claims seeking predominantly monetary relief based on pre-petition conduct. "Where all of a case's alleged tortious conduct and breaches of contract occurred pre-petition, the case is non-core to the bankruptcy proceeding." *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (E.D. Tex. 2001).

11.     Moreover, none of the claims asserted in the Adversary Proceeding were created by bankruptcy law. *See In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) (if proceeding does not invoke substantive right created by bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding). Rather, they are all state-law claims that could exist independently outside of bankruptcy—just as they did prior to the State Court Action being removed to the Bankruptcy Court by the Debtor. Accordingly, the claims asserted in the Adversary Proceeding are entirely non-core.

12.     WattStock alleges that the Court has core jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 157 and 1334. But, tellingly, WattStock neither identifies on which of the sixteen (16) bases provided for under 28 U.S.C. § 157 it relies nor explains how this matter "arises under" or "arises in" title 11 pursuant to 28 U.S.C. § 1334. WattStock has the burden of proving that this is a core proceeding and has failed to do so. *In re Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr. N.D. Ohio 1993) ("[t]he burden to prove that an issue is a core proceeding rests on the party seeking the Bankruptcy Court to assert jurisdiction.").

**B.     Alta Power is Entitled to a Jury Trial under Seventh Amendment.**

13.     Further, the District Court should withdraw the reference because Alta Power is entitled to a jury trial pursuant to the Seventh Amendment to the U.S. Constitution, which

provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII. The Adversary Proceeding involves state-law claims for monetary relief based on pre-petition conduct. Where, as here, the nature of the relief requested by a plaintiff is monetary damages, such request "strongly supports" the argument that the right invoked is "legal rather than equitable" and that the Seventh Amendment right to a jury trial is present. *Granfinaciera, S.A. v. Nordberg*, 492 U.S. at 48-49, 109 S. Ct. at 2793-94; *see also Ross v. Bernhard*, 396 U.S. 531, 538, 542-43, 90 S. Ct. 733, 738, 740 (1970) (finding right to jury trial where plaintiffs sought monetary damages for breach of contract). "Where an action is simply for the recovery . . . of a money judgment, the action is one at law" and "the Seventh Amendment applies." *In the Matter of RDM Sports Group*, 260 B.R. 915, 920 (Bankr. N.D. Ga. 2001) (internal citations omitted); *see also In re Phelps Techs., Inc.*, 238 B.R. 819, 824 (Bankr. W.D. Mo. 1999) (finding that all claims sought "monetary damages and no other relief"" and thus, were clearly actions at law and the defendants were entitled to a jury trial); *Deballlon v. Steffes*, 195 B.R. 362, 364 (Bankr. M.D. La. 1996) ("Suits seeking monetary damages are unquestionably legal in nature.").

14. Although the filing of a proof of claim may operate to "deprive a creditor of a jury trial right by subjecting a claim, that would otherwise sound only in law, to the equitable claims allowance process," *Highland*, 2021 WL 2850562, at *6, Alta expressly reserved such waiver of its right to a jury trial (among other rights) in its Proof of Claim. *See* Claim No. 1-2, at 8. Moreover, Alta Power's Proof of Claim relates *only* to its claims against WattStock and not its direct claims against non-debtor GE. In all instances, Alta Power's tort claims against non-debtor

MOTION TO WITHDRAW THE REFERENCE – Page 7

GE remain legal in nature, are non-core, and Alta Power has not consented—nor will it—to the Bankruptcy Court's equitable jurisdiction of those claims. Put simply, the mere act of filing a proof of claim against WattStock does not impact Alta Power's rights and interests with respect to direct claims it has against non-debtor parties such as GE.

15. "[I]f litigant has the right to a jury trial under applicable nonbankruptcy law, a bankruptcy court may conduct jury trial only if: (a) the matters to be finally adjudicated fall within the scope of bankruptcy subject matter jurisdiction; (b) the district court of which the bankruptcy court is a unit authorizes the bankruptcy court to do so; and (c) all of the parties consent." *Highland*, 2021 WL 2850562, at *6. Because these proceedings are noncore "the bankruptcy court . . . may only (absent consent from all of the parties) submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." *Id*. at *5 (citing *Stern v. Marshall*, 564 U.S. 462, 473–474 (2011)). Alta Power does not consent to a jury trial in the Bankruptcy Court, particularly as it relates to its direct claims against non-debtor GE.

C. **The Remaining *Holland* Factors Weigh in Favor of Withdrawal of Reference.**

16. The remaining *Holland* factors also favor withdrawal of the reference. The Adversary Proceeding was only recently removed to the Bankruptcy Court, and nothing of substance (or otherwise for that matter) has taken place in the Adversary Proceeding since the time of removal, including any status conferences or evidentiary hearings held by the Bankruptcy Court or post-removal discovery among the parties. Moreover, the Bankruptcy Court does not have any particular or specialized knowledge regarding the claims and disputes at issue in the Adversary Proceeding that would enable it to determine the claims and disputes more efficiently than the District Court. Thus, leaving the reference in place with respect to the Adversary Proceeding would not promote judicial economy.

17. As the Bankruptcy Court cannot enter a final judgment as to the claims at issue in the Adversary Proceeding (and certainly not with respect to Alta Power's direct, non-core claims against non-debtor GE), it would be more efficient for the disputes to be heard once in the District Court rather than heard by the District Court after consideration, report and recommendation by the Bankruptcy Court. For the same reason, it would also promote the economical use of the parties' (including the Debtor and its estate) resources to have all disputes tried together in the District Court in the first instance.

18. Finally, withdrawal of the reference will not encourage forum shopping because the state law claims at issue in the Adversary Proceeding do not arise in or under the Bankruptcy Code, and the claims must ultimately be considered by the District Court in any event. Alta Power has timely made a jury demand and is therefore entitled to a jury trial under the Seventh Amendment, especially with respect to its direct, non-core claims against non-debtor GE. Accordingly, withdrawal of the reference in whole, and consideration by the District Court in the first instance, is appropriate.

D. **Alternatively, the Reference Should be Withdrawn in Part as to All of Alta Power's Claims Against Non-Debtor GE**

19. As indicated above, Alta Power believes that judicial economy as well as the parties' economical use of resources favors hearing all claims and legal issues in the Adversary Proceeding together in the District Court. The District Court is well-suited to hear those claims and legal issues, nor do any of them hinge on technical bankruptcy principles or require any expertise or even familiarity with bankruptcy law. To the contrary, they present complex, non-bankruptcy claims and legal issues with which district courts are well familiar.

20. Notwithstanding the foregoing, and in the alternative, 28 U.S.C. § 157 gives the District Court the option to withdraw a proceeding in part. Should the District Court determine

that Alta Power's claims against WattStock (and/or WattStock's claims against Alta Power) should remain in the Bankruptcy Court, it still can and should withdraw the reference in part as to Alta Power's claims against non-debtor GE. If the District Court withdraws the reference in part, judicial economy may be maintained by permitting the Bankruptcy Court to oversee all pre-trial matters, with the reference withdrawn in part only upon certification by the Bankruptcy Court that Alta Power's claims against non-debtor GE are trial ready.[3]

## RESERVATION OF RIGHTS

21. Alta Power expressly preserves and rights all rights, claims, interests and defenses it has, including without limitation, the right to amend or supplement this Motion at any time for any reason, raise any additional arguments Alta Power may have at or prior to any hearings on the Motion, and seek remand of the Adversary Proceeding, either in whole or in part, should the Motion be denied in any respect.

## CONCLUSION & PRAYER

22. For the reasons set forth herein, Alta Power respectfully requests that (1) the Bankruptcy Court recommend to the District Court that the reference be immediately withdrawn as to all claims in the Adversary Proceeding, or, alternatively, that the reference be immediately withdrawn in part as to all claims asserted by Alta Power against non-debtor GE in the Adversary Proceeding; and (2) the District Court enter an order (a) immediately withdrawing the reference in whole or, alternatively, in part as to all claims asserted by Alta Power against non-debtor GE in the Adversary Proceeding, and (b) granting Alta Power all such other and further relief as the District Court deems just and equitable.

---

[3] Although Alta Power seeks immediate withdrawal of the reference, in whole or in part, in this Motion, Alta Power is not opposed to the Adversary Proceeding, whether in whole or in part, remaining in the Bankruptcy Court for all pre-trial matters, with the reference withdrawn, in whole or in part, only upon certification by the Bankruptcy Court that the proceeding is trial ready.

MOTION TO WITHDRAW THE REFERENCE – Page 10

Dated: December 13, 2021.
Dallas, Texas

Respectfully submitted,

By: */s/ David R. Eastlake*

**BAKER BOTTS L.L.P.**
Jessica B. Pulliam, TX SBN 24037309
*jessica.pulliam@bakerbotts.com*
John B. Lawrence, TX SBN 24055825
*john.lawrence@bakerbotts.com*
Kevin Chiu, TX SBN 24109723
*kevin.chiu@bakerbotts.com*
2001 Ross Avenue, Suite 900
Dallas, TX  75201-2980
Telephone:     214.953.6500
Facsimile:      214.953.6503

–and–

David R. Eastlake, TX SBN 24074165
*david.eastlake@bakerbotts.com*
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:     713.229.1234
Facsimile:      713.229.1522

**JORDAN, LYNCH & CANCIENNE PLLC**
Michael Cancienne
State Bar No. 24055256
Kevin Jordan
State Bar No. 11014800
Joseph W. ("Jeb") Golinkin II
State Bar No. 24087596
1980 Post Oak Blvd., Ste. 2300
Houston, Texas 77056
713.955.4028
713.955.9644 Facsimile
*mcancienne@jlcfirm.com*
*kjordan@jlcfirm.com*
*jgolinkin@jlcfirm.com*

***Co-Counsel for Alta Power LLC***

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that prior to filing this Motion, in compliance with Local Bankruptcy Rule 7007-1, I conferred with Thomas D. Berghman of Munsch Hardt Kopf & Harr, P.C., Debtor's counsel in this Adversary Proceeding, on December 13, 2021, who indicated that this Motion is opposed by the Debtor. On December 10, 2021, my partner John Lawrence conferred with Andrew LeGrand and Eric Haitz of Gibson, Dunn & Crutcher LLP, counsel for General Electric International, Inc., who indicated that GE is considering the Motion. As counsel for Alta Power has not heard back from GE's counsel at the time of filing of this Motion, Alta Power is treating GE as opposed to the Motion for now.

By: */s/ David R. Eastlake*
David R. Eastlake

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 13, 2021, I caused a copy of the foregoing to be served on the Debtor and all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail.

By: */s/ Kevin Chiu*
Kevin Chiu