Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Thanhan Nguyen, Esq.
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
drukavina@munsch.com
tberghman@munsch.com
anguyen@munsch.com

COUNSEL TO THE DEBTOR-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § <br> § <br> WATTSTOCK, LLC, § <br> § <br> § <br> Debtor. § <br> § <br> § <br> WATTSTOCK, LLC, § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> ALTA POWER LLC, § <br> Defendant, Counter-Plaintiff, and § <br> Third-Party Plaintiff, § <br> § <br> v. § <br> § <br> WATTSTOCK, LLC, § <br> Counter-Defendant, and § <br> § <br> GENERAL ELECTRIC INTERNATIONAL, INC., § <br> d/b/a GE POWER SERVICES, § <br> Third-Party Defendant. § | Case No. 21-31488-sgj11V <br> <br> Chapter 11 <br> Subchapter V <br> <br> <br> Adv. No. 21-03083-sgj <br> <br> *Removed from the District Court of Dallas County, Texas, 116th Judicial District* <br> <br> *Cause No. DC-20-08331* |

**DEBTOR'S OBJECTION TO ALTA POWER LLC'S**
**MOTION TO WITHDRAW THE REFERENCE**

DEBTOR'S OBJECTION TO ALTA POWER LLC'S
MOTION TO WITHDRAW THE REFERENCE—Page 1

TO THE HONORABLE U.S. DISTRICT JUDGE AND U.S. BANKRUPTCY JUDGE:

COMES NOW WattStock, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-styled bankruptcy case (the "Bankruptcy Case"), and files this *Objection* to the *Motion to Withdraw the Reference* (the "Motion") filed by Alta Power LLC ("Alta Power"), respectfully stating as follows:

## I.   SUMMARY

1. Alta Power filed a proof of claim with the Bankruptcy Court against the Debtor's estate, asserting the same claims it previously raised as counterclaims in a prepetition state court action filed by the Debtor. Now, after the Debtor removed the state court action to the Bankruptcy Court, Alta Power moves to withdraw the reference and have the District Court resolve its claims against the Debtor's estate. The Motion should be denied because the Bankruptcy Court has core jurisdiction to administer the Debtor's estate, including determining whether to allow or disallow Alta Power's claim by adjudicating the Debtor's and Alta Power's respective claims against each other.

## II.   BACKGROUND

2. The Debtor is a supplier of used and refurbished gas turbine powered generation units and related services. In February 2019, the Debtor entered into an agreement (the "Master Agreement") with Alta Power, pursuant to which the Debtor would work to locate and identify aeroderivative combustion turbines for power generation projects being developed by Alta Power in the Texas market.

3. On June 16, 2020, the Debtor commenced an action against Alta Power in the District Court of Dallas County, Texas, 116th Judicial District, styled *WattStock, LLC v. Alta Power LLC*, Cause No. DC-20-08331 (the "State Court Action"). The allegations in the State

Court Action relate to breaches of the Master Agreement and related agreements between the Debtor and Alta Power.

4. On February 24, 2021, Alta Power filed its *First Amended Answer and Counterclaim and Original Third-Party Petition* in the State Court Action, alleging counterclaims against the Debtor and causes of action against third-party defendant General Electric International, Inc., d/b/a GE Power Services ("GE"), including certain causes of action against both the Debtor and GE.

5. On August 17, 2021 (the "Petition Date"), the Debtor commenced the Bankruptcy Case in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). The Debtor scheduled the State Court Action as an asset of its estate. *See Schedules A/B*, Docket No. 49, Line 74. On August 19, 2021, the Debtor filed a *Notice of Suggestion of Bankruptcy* in the State Court Action.

6. On September 9, 2021, Alta Power filed its *Proof of Claim*, Claim No. 1, in the Bankruptcy Case, which "asserts an unsecured claim for any and all damages and owed amounts claimed in" the *First Amended Answer and Counterclaim and Original Third-Party Petition* filed by Alta Power in the State Court Action, which pleading is attached to Alta Power's Proof of Claim.

7. On November 9, 2021, the Debtor timely filed its *Notice of Removal* to remove the State Court Action to the Bankruptcy Court and, to the extent that any matter in the State Court Action is not core, to consent to the Bankruptcy Court entering final orders and judgment in such matter. On December 13, 2021, Alta Power filed the Motion, which seeks an order by the United States District Court for the Northern District of Texas (the "District Court") withdrawing the reference.

### III. ARGUMENT

8. Withdrawal of the reference should be denied where the party seeking withdrawal fails to satisfy its burden of establishing that withdrawal is appropriate. *McCullough v. Denbury Onshore LLC (In re McCullough)*, Adv. No. 05-53, 2006 U.S. Dist. LEXIS 67045, at *2 (S.D. Miss. Sept. 17, 2006) (citing *Homeland Stores v. Burris (In re Homeland Stores)*, 204 B.R. 427, 430 (D. Del. 1997)). In determining whether to order withdrawal of a reference, courts in the Fifth Circuit examine the following factors: "(1) whether the matter is core or noncore; (2) whether the matter involves a jury demand; (3) whether withdrawal would further uniformity in bankruptcy administration; (4) whether withdrawal would reduce forum-shopping and confusion; (5) whether withdrawal would foster economical use of debtors' and creditors' resources; and (6) whether withdrawal would expedite the bankruptcy process." *Highland Capital Mgmt. L.P. v. Dondero (In re Highland Capital Mgmt. L.P.)*, Adv. No. 21-03003-sgj, 2021 Bankr. LEXIS 1813, at *14 (Bankr. N.D. Tex. July 6, 2021) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985)). Here, these factors either weigh against withdrawal or are neutral, and, on balance, warrant denial of the Motion.

9. <u>This matter is a core proceeding</u>. The State Court Action is a core proceeding in accordance with one or more of the provisions in the nonexclusive list of core proceedings: "(A) matters concerning the administration of the estate;" "(B) allowance or disallowance of claims against the estate"; "(C) counterclaims by the estate against persons filing claims against the estate;" and "(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship." 11 U.S.C. § 157(b)(2)(A), (B), (C), (O).

10. The State Court Action is a proceeding by the Debtor to obtain money judgments for the Debtor based on breaches of contract, quantum meruit, fraud, and negligent misrepresentation by Alta Power. A judgment in favor of the Debtor would be an asset of the

Debtor's estate and could result in additional funds for distribution by the Bankruptcy Court. However, since the extent of Alta Power's net obligation to the Debtor requires addressing Alta Power's counterclaims—including those jointly asserted against the Debtor and GE—the counterclaims are inextricably intertwined with the Debtor's claims and must be addressed before the Debtor can confirm a reorganization plan in the Bankruptcy Court.  Resolving these controversies is therefore crucial to administering the Debtor's estate and is at the core of the Bankruptcy Court's power.

11. Adjudicating and determining the extent of Alta Power's claims against the Debtor's estate is a core proceeding, even if it requires addressing state law issues. "A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). This is particularly evident where, as here, the opposing party has filed a proof of claim against the estate and invoked the powers of the bankruptcy court:

> The filing of the proof invokes the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution. Understood in this sense, a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy. Of course, the state-law right underlying the claim could be enforced in a state court proceeding absent the bankruptcy, but the nature of the state proceeding would be different from the nature of the proceeding following the filing of a proof of claim.

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). Therefore, even if the State Court Action is not originally a core proceeding, it was converted into one when Alta Power filed its Proof of Claim against the Debtor's estate.

12. Alta Power filing a Proof of Claim further gives rise to another basis for finding core jurisdiction over the State Court Action. "Numerous courts have found claims asserted by the debtor against a person who has filed proof of claims against the estate to be counterclaims within the meaning of § 157(b)(2)(C), and therefore core proceedings, notwithstanding the fact

that the claims were asserted by procedures other than counterclaiming against the proof of claim itself." *Regal Row Fina, Inc. v. Wash. Mut. Bank, FA*, No. 3:04-CV-1033-G, 2004 U.S. Dist. LEXIS 26704, at *23 (N.D. Tex. Dec. 9, 2004) (citing examples). As noted above, in order for the Bankruptcy Court to administer the Debtor's estate and to allow or disallow Alta Power's Proof of Claim—both core proceedings—the Bankruptcy Court must adjudicate both the Debtor's claims and Alta Power's counterclaims.[1] The Bankruptcy Court therefore has core jurisdiction to resolve the Debtor's and Alta Power's respective claims against each other.

13. <u>Any jury rights have been waived</u>. As Alta Power acknowledges, "the act of filing a proof of claim can operate to deprive a creditor of a jury trial right, by subjecting a claim, that would otherwise sound only in law, to the equitable claims allowance process." *In re Highland Capital Mgmt. L.P.*, 2021 Bankr. LEXIS 1813, at *19–20 (Bankr. N.D. Tex. 2021) (citing *Langenkamp v. Culp*, 498 U.S. 42, 44–45 (1990)). Alta Power asserts that, by including language in its Proof of Claim that the filing should not be deemed a waiver of any jury rights, Alta Power should be allowed to invoke the Bankruptcy Court's jurisdiction to assert a claim against the Debtor's estate but not submit to the Bankruptcy Court's claims allowance process. Alta Power did not withdraw its Proof of Claim prior to filing the Motion; Alta Power cannot have its cake and eat it. Alta Power's pending Proof of Claim, which includes counterclaims against the Debtor and jointly against the Debtor and GE, is "so inextricably intertwined with the equitable process of claims resolution, so as to constitute consent to the equitable jurisdiction of the bankruptcy court." *Id*. at *20. Additionally, Alta Power failed to timely file a statement regarding consent to entry of final orders by the Bankruptcy Court, as required by Bankruptcy Rule 9027(e)(3), which some courts have held constitutes a waiver. *See, e.g.*, *Chambers v. Silliman (In re Bryan)*, 308

---

[1] This adjustment of the "debtor-creditor relationship" between the Debtor and Alta Power also constitutes a core proceeding under the 11 U.S.C. § 157(b)(2)(O).

B.R. 583, 586 (Bankr. N.D. Ga. 2004) (citing *Agent Sys., Inc. v. Capital Metro. Transp. Auth. (In re Agent Sys., Inc.)*, 289 B.R. 828 (Bankr. N.D. Tex. 2002) ("Plaintiff's failure to timely file [statement required by Bankruptcy Rule 9027(e)(3)] constitutes a waiver."). Alta Power has therefore waived any jury trial rights.

14. <u>The remaining factors either weigh against withdrawal or are neutral</u>. Withdrawal of the reference would not promote uniformity of bankruptcy administration, be an economical use of resources, or expedite the bankruptcy process. To the contrary, each of these goals would be best served by maintaining the reference and having the Bankruptcy Court adjudicate the State Court Action, which, as discussed above, it must do in order to administer the Debtor's estate and determine whether to allow or disallow Alta Power's pending Proof of Claim. Forum shopping is not an issue and a neutral factor.

15. Therefore, the factors weigh against withdrawing the reference, and the Motion should be denied. If the Bankruptcy Court finds, however, that permissive withdrawal of the reference is appropriate, the reference should not be withdrawn until after the parties are trial-ready, and all pretrial matters should be handled by the Bankruptcy Court until such time.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that (i) the Bankruptcy Court enter a report recommending denial of the Motion, (ii) that the District Court enter an order denying the Motion, and (iii) that both courts grant the Debtor such other and further relief as the courts deem just and proper.

RESPECTFULLY SUBMITTED this 3rd day of January, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Thanhan Nguyen
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Thomas D. Berghman, Esq.
    Texas Bar No. 24082683
    Thanhan Nguyen, Esq.
    Texas Bar No. 24118479
    500 North Akard St., Ste. 3800
    Dallas, Texas  75201
    Telephone: (214) 855-7500

    Email: drukavina@munsch.com
    Email: tberghman@munsch.com
    Email: anguyen@munsch.com

**COUNSEL TO THE
DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that, on this the 3rd day of January, 2022, true and correct copies of this document were electronically served by the Court's ECF system on all parties entitled to notice thereof.

    /s/ Thanhan Nguyen
    Thanhan Nguyen, Esq.