**GIBSON, DUNN & CRUTCHER LLP**
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
Pooja Patel (Tex. Bar No. 24104064)
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Tel:  214.698.3100
TCox@gibsondunn.com
ALegrand@gibsondunn.com
PPatel@gibsondunn.com

Eric T. Haitz (Tex. Bar No. 24101851)
811 Main Street, Suite 3000
Houston, Texas 77002
Tel:  346.718.6600
EHaitz@gibsondunn.com

*Counsel to General Electric International, Inc.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>WATTSTOCK, LLC,<br><br>Debtor. | § <br> § Case No. 21-31488-sgj11V <br> § *Chapter 11* <br> § *Subchapter V* <br> § <br> § |
| WATTSTOCK, LLC,<br>    Plaintiff,<br><br>v.<br><br>ALTA POWER LLC,<br>    Defendant, Counter-Plaintiff, and<br>    Third-Party Plaintiff,<br><br>v.<br><br>WATTSTOCK, LLC,<br>    Counter-Defendant, and<br><br>GENERAL ELECTRIC INTERNATIONAL, INC.,<br>d/b/a GE POWER SERVICES,<br>    Third-Party Defendant. | § <br> § <br> § Adv. No. 21-03083-sgj <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### GENERAL ELECTRIC INTERNATIONAL, INC.'S RESPONSE TO ALTA POWER LLC'S MOTION TO WITHDRAW THE REFERENCE

General Electric International, Inc. ("GE") respectfully submits this response (the "Response") to *Alta Power LLC's Motion to Withdraw the Reference* (the "Motion").[1] In support of the Response, GE respectfully represents as follows:

### PRELIMINARY STATEMENT

1. GE supports the relief requested by the Motion and agrees that the District Court should withdraw the reference of the above-captioned Adversary Proceeding (the "Adversary Proceeding"). The Adversary Proceeding includes causes of action advanced by Alta Power against GE (the "Alta-GE Causes").[2] The Alta-GE Causes are non-core proceedings so the Bankruptcy Court cannot enter a final judgment as to the Alta-GE Causes without the consent of GE.[3] Withdrawal of the reference is necessary to ensure uniform adjudication of the disputes at issue in the Adversary Proceeding, promote judicial economy and preserve the assets of Wattstock's debtor estate.

2. Although GE supports withdrawing the reference as to the *entire* Adversary Proceeding, GE opposes Alta Power's request that, in the alternative, the District Court withdraw the reference in part as to the Alta-GE Causes only. The Alta-GE Causes are inextricably related to the claims that Alta Power advanced against Wattstock in the Adversary Proceeding (the "Alta-Wattstock Causes" and together with the Alta-GE Claims, the "AP Claims").[4] Indeed, the Alta-GE

---

[1] ECF No. 3. Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

[2] ECF No. 1-4, pp. 34-40 (Counts I, II, IV, VII, and VIII).

[3] 28 U.S.C. § 157(b). GE filed a statement pursuant to Federal Rule of Bankruptcy Procedure 9027 confirming that GE does not consent to the final adjudication of the Alta-GE Claims by the Bankruptcy Court. *See* ECF No. 12.

[4] ECF No. 1-4, pp. 34-40 (Counts I, III, V, VI, VII, and VIII).

2

Causes and the Alta-Wattstock Causes involve inextricably interrelated facts, contracts, and underlying legal questions. In any multiparty litigation involving overlapping causes of action and virtually identical factual issues, separate adjudication is needlessly duplicative and risks disparate findings on otherwise identical legal issues. Here, this is especially true: bifurcating the Adversary Proceeding would be of limited utility and would unnecessarily deplete the assets of the Debtor's estate. Adjudication of the Alta-GE Causes necessitates fact discovery and testimony at trial from Wattstock on the very same issues underlying certain of the Alta-Wattstock Causes. The costs associated with Wattstock's necessary participation would be in addition to and iterative of the costs of adjudicating the Alta-Wattstock Causes without any identifiable benefit to the adjudication of any of the AP Claims. Partial withdrawal of the reference serves no useful end. Accordingly, the District Court should withdraw the reference of the *entire* Adversary Proceeding, or not at all.

## **RESPONSE**

### *A.    Adjudication of the Alta-GE Claims Is a Non-Core Proceeding*

3.    The Counterclaim filed by Alta in the State Court Action asserted five causes of action against GE seeking declaratory relief and seeking damages under theories of respondeat superior, unjust enrichment, fraud, and negligent misrepresentation.[5] None of the Alta-GE Claims is a core proceeding under 28 U.S.C. § 157(b). And, as the District Court observed in *Mirant Corp. v. The Southern Co.*, "the bankruptcy court's lack of adjudicatory jurisdiction over the non-core claims means that if the bankruptcy court were to retain jurisdiction over those claims its judicial power would be limited to its submission to the district court, after hearing, of proposed findings of fact and conclusions of law for a de novo review by the district court."[6]

---

[5]    ECF No. 1-4, pp. 34-40 (Counts I, II, IV, VII, and VIII).
[6]    337 B.R. 107, 122 (N.D. Tex. 2006).

**B.    *The Alta-GE Causes Are Inextricably Related to the Alta-Wattstock Causes***

4.    The Alta-GE Causes and the Alta-Wattstock Causes involve substantially similar issues of fact and require substantially identical legal determinations. The inseparability of the fact issues and legal issues at the center of the AP Claims is perhaps best illustrated by the fact that the viability of several of the Alta-GE Causes actually depends on Alta Power prevailing on corresponding Alta-Wattstock Causes.

| Count No. | Defendant(s) | Interrelated Facts/Issues |
|---|---|---|
| Count I | GE, Wattstock | Seeks declaratory relief as to the relationship between GE and Wattstock; involves overlapping issues of fact and law in connection with certain Wattstock contracts and purported obligations of GE under those agreements. |
| Count II | GE | Asserts liability of GE under theory of respondeat superior; requires fact and legal determinations central to adjudication of Count I and Count III. |
| Count III | Wattstock | Breach of contract claim referencing purported vicarious liability of GE for a contract to which GE is not a party. |
| Count IV | GE | Asserts unjust enrichment claims against GE in relation to damages asserted against Wattstock by Count III. |
| Count VII | GE, Wattstock | Alleges fraud in connection with purported misrepresentation of the GE-Wattstock relationship. |
| Count VIII | GE, Wattstock | Asserts negligent misrepresentation claims based on the same alleged facts and issues raised in Count VII. |

5.    The facts and issues at the center of these causes of action cannot be extracted from one another and separate adjudication would be as wasteful as it is impractical.

**C.    *Partial Withdrawal Is Not Supported by the Fifth Circuit's 6-Factor Test***

6.    Last, even if the factual and legal issues could be bifurcated, the law in the Fifth Circuit does not support partially withdrawing the reference solely as to the Alta-GE Causes, as Alta Power requests in the alternative. Bifurcating the adjudication of the Alta-GE Causes from the Alta-Wattstock Causes **would not** "further uniformity in bankruptcy administration," **would not** "foster economical use of debtors' and creditors' resources," and **would not** "expedite the

bankruptcy process."[7] To the contrary, partial withdrawal of the reference would risk uncertainty as to the adjudication of mixed core and non-core proceedings in bankruptcy cases, would wastefully duplicate costs to Wattstock's debtor estate by requiring Wattstock to incur costs of litigating each overlapping issue in the Alta-GE Causes and Alta-Wattstock Causes twice, and would delay the bankruptcy proceeding by requiring two separate processes to conclude before finally resolving the AP Claims.[8] Bifurcation would jeopardize consistent adjudication of what are otherwise indistinguishable questions of fact and law by risking disparate findings of fact and conclusions of law by the Bankruptcy Court (as to the Alta-Wattstock Causes) and the District Court (as to the Alta-GE Causes).

7. Accordingly, the District Court should withdraw the reference as to all of the AP Claims. Alternatively, the District Court should deny the Motion and permit the Bankruptcy Court to submit to the District Court, after hearing, proposed findings of fact and conclusions of law for a *de novo* review by the District Court.

[*remainder of page intentionally blank*]

---

[7] *In re Highland Cap. Mgmt. L.P.*, No. 19-34054-SGJ-11, 2021 WL 2850562, at *4 (Bankr. N.D. Tex. July 7, 2021).

[8] *See e.g.*, *id.* at *7 (recommending that the District Court refer all pre-trial matters to the bankruptcy court, and grant the motion upon certification by the Bankruptcy Court that the parties are trial-ready).

## CONCLUSION

8. For the foregoing reasons, GE respectfully requests that the Motion be granted as to all of the AP Claims and grant any further relief as may be equitable and just.

Dated: January 5, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

/s/  John T. Cox III
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
Pooja Patel (Tex. Bar No. 24104064)
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
Tel:    214.698.3100
Email: TCox@gibsondunn.com
         ALegrand@gibsondunn.com
         PPatel@gibsondunn.com

*and*

Eric T. Haitz (Texas Bar No. 24101851)
811 Main Street, Suite 3000
Houston, TX 77002-6117
Tel:    346.718.6600
Email: EHaitz@gibsondunn.com

*Counsel to General Electric International, Inc.*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

/s/ Eric T. Haitz
Eric T. Haitz