**GIBSON, DUNN & CRUTCHER LLP**
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Tel: 214.698.3100
TCox@gibsondunn.com
ALegrand@gibsondunn.com
*Counsel to General Electric International, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE WATTSTOCK, LLC,** *Debtor*. | Case No. 21-31488-sgj11V<br>Chapter 11<br>Subchapter V |
| **WATTSTOCK LLC,** *Plaintiff*,<br>v.<br>**ALTA POWER LLC,** *Defendant, Counter-Plaintiff, and Third-Party Plaintiff*,<br>v.<br>**WATTSTOCK LLC,** Counter-Defendant, and<br>**GENERAL ELECTRIC INTERNATIONAL, INC., d/b/a GE POWER SERVICES,** Third-Party Defendant. | Adv. No. 21-03083-sgj<br><br>*Removed from the District Court of Dallas County, Texas, 116th Judicial District*<br><br>Case No. DC-20-08331 |

1

### AGREED MOTION FOR LEAVE TO FILE UNDER SEAL GENERAL ELECTRIC INTERNATIONAL, INC.'S MOTION TO AMEND THE SCHEDULING ORDER AND TEMPORARILY STAY DISCOVERY AND EXHIBITS

Pursuant to Federal Rule of Civil Procedure 5.2, Local Bankruptcy Court Rule 9077-1, and the Stipulated Protective Order, Third-Party Defendant General Electric International, Inc. ("GE") moves for leave to file its Brief in Support of GE's Motion to Amend the Scheduling Order and Temporarily Stay Discovery and a number of accompanying exhibits under seal. Contemporaneous with this motion, GE has filed a redacted version of its brief in support in the public record.

The decision whether to allow public access to court records "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In exercising this discretion, "the court must balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). One circumstance in which courts across the circuits, including the Fifth Circuit, have recognized that there is not a compelling need for public disclosure is for materials filed in connection with nondispositive motions such as discovery motions. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 n.31 (5th Cir. 2021) (noting the "material filed with discovery motions is not subject to the common-law right of access") (quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001)); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (noting that when "a party attaches a sealed discovery document to a *nondispositive* motion, the usual presumption of the public's right of access is rebutted" (emphasis added)); *accord Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–65 (3d Cir. 1993).

GE seeks to seal the unredacted version of its brief in support of its Motion to Amend the Scheduling Order and Temporarily Stay Discovery and certain accompanying exhibits. The Stipulated Protective Order entered in March 2022 provides that the parties may designate documents as "Confidential Information" by affixing them with certain labels. Dkt. No. 37 at 2–3. The Protective Order prohibits the disclosure of Confidential Information to persons other than to certain court personnel, the opposing party, and members of the opposing party's legal team. *Id.* at 6 ¶ 7. It further provides that any party wishing to file Confidential Information with the Court must use the "*Sealed* and/or *Ex Parte Motion* event" and must label its submission with the word "Sealed." *Id.* 9 ¶ 14. Local Bankruptcy Rule 9077-1(b) states that if, as here, "no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the Presiding Judge."

GE's brief in support of its motion quotes from many exhibits that have been designated by Alta Power LLC ("Alta") as containing Confidential Information. While Alta has agreed to allow GE to file the brief and exhibits on the public docket to the extent that they contain Alta's confidential information, WattStock LLC ("WattStock") has requested that certain documents from Alta's production be filed under seal because they contain WattStock's especially sensitive business information. WattStock has represented that Alta received this information under a non-disclosure agreement between WattStock and Alta. Thus, GE requests that the unredacted brief itself be filed under seal. In addition, GE seeks to seal the following exhibits based on WattStock's request and representation that these documents contain WattStock's sensitive business information:

1. GE Ex. F: This document reflects deposition questions and testimony in which documents labeled by Alta as "Confidential" in compliance with the Stipulated Protective Order, Dkt.

No. 37 at 2–3, are discussed and quoted. WattStock has represented that certain documents discussed and quoted in this document contain WattStock's sensitive business information. As such, GE seeks to seal the unredacted version of this document.

2. GE Ex. G: This document with a starting Bates number of Alta 0030223 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

3. GE Ex. H: This document with a starting Bates number of Alta 0030091 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

4. GE Ex. I: This document with a starting Bates number of Alta 0006067 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

5. GE Ex. J: This document with a starting Bates number of Alta 0004855 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

6. GE Ex. K: WattStock has represented that this document (starting Bates number of Alta 0003486) contains WattStock's sensitive business information.

7. GE. Ex. L: This document with a starting Bates number of Alta 0029639 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt.

No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

8. GE Ex. M: This document with a starting Bates number of Alta 0005841 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

9. GE Ex. O: This document with a starting Bates number of Alta 0028095 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

10. GE Ex. P: This document with a starting Bates number of Alta 0028557 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

11. GE Ex. Q: This document with a starting Bates number of Alta 0000011 has been affixed with a "Confidential" label by Alta in compliance with the Stipulated Protective Order. Dkt. No. 37 at 2–3. WattStock has represented that this document contains WattStock's sensitive business information.

12. GE Ex. U: This document reflects correspondence between GE's and Alta's counsel in which numerous documents labeled by Alta as "Confidential" in compliance with the Stipulated Protective Order, Dkt. No. 37 at 2–3, are discussed and quoted. WattStock has represented that a number of the documents discussed and quoted in this correspondence contain WattStock's sensitive business information.

Sealing these documents is warranted because WattStock has represented that that these contain especially sensitive business information in which WattStock's commercial interests in avoiding disclosure outweighs the public's minimal interest in pursuing documents submitted in connection with discovery disputes. *See Binh Hoa*, 990 F.3d at 419 n.31; *Phillips*, 307 F.3d at 1213; *Chicago Tribune*, 263 F.3d at 1312–13; *Leucadia,* 998 F.2d at 164–65.

GE therefore respectfully requests that this Court grant leave to file the above-mentioned documents under seal.

Dated:  November 23, 2022

Respectfully submitted,

/s/   *Andrew LeGrand*
John T. Cox III  (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel:    214.698.3100
Email: TCox@gibsondunn.com
            ALegrand@gibsondunn.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Andrew LeGrand*
Andrew LeGrand

*Attorney for General Electric International, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rule 7007-1, I certify that counsel for GE met and conferred with counsel for Alta Power LLC on November 22, 2022 and counsel for WattStock LLC on November 23, 2022. Alta and WattStock do not oppose this motion.

*/s/ Andrew LeGrand*
Andrew LeGrand
*Attorney for General Electric International, Inc.*