IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WATTSTOCK LLC, <br><br> *Plaintiff/Counter Defendant,* <br><br> v. <br><br> ALTA POWER LLC, <br><br> *Defendant/Counter Plaintiff,* <br><br> v. <br><br> GENERAL ELECTRIC INTERNATIONAL, INC. <br><br> *Third-Party Defendant.* | Chapter 11 (Subchapter V) <br> Case No. 21-31488 (SGJ) <br><br> Adv. No. 21-03083 (SGJ) <br><br> *Removed from the District Court of Dallas County, Texas, 116th Judicial District* <br><br> Case No. DC-20-08331 |

**ALTA POWER' ANSWER AND AFFIRMATIVE
DEFENSES TO GENERAL ELECTRIC INTERNATIONAL, INC.'S
COUNTERCLAIMS**

Alta Power LLC ("Alta Power") respectfully submits its Answer and Affirmative Defenses to Defendant's Counterclaim for Declaratory Judgment and Breach of Contract (ECF 128) filed by Defendant General Electric International, Inc. ("GE"). Except as otherwise expressly admitted, Alta Power denies each and every allegation contained in the GE's Counterclaim, and respond to GE's counterclaims as follows:

## **INTRODUCTION**

1.      Alta Power denies that Alta Power "has waived its right to seek any incidental, indirect, or consequential damages from GE."

2.      Alta Power admits the allegations contained in Paragraph 2.

3.      The Master Agreement is a written agreement between Alta Power and WattStock, the terms of which terms speak for itself. Alta Power denies the allegations contained in Paragraph 3 to the extent GE attempts to claim any right under the Master Agreement for its conduct in this case.

4.      The Master Agreement is a written agreement between Alta Power and WattStock, the terms of which terms speak for itself. Alta Power denies the allegations contained in Paragraph 4 to the extent GE attempts to claim any right under the Master Agreement for its conduct in this case.

5.      Alta Power admits the allegations contained in Paragraph 5. Alta Power has brought further claims against GE in addition to the vicarious liability causes of action Alta asserts against GE.

6.      Paragraph 6 does not make a factual allegation as to Alta Power. To the extent GE purports it does, Alta Power denies any factual allegations contained in Paragraph 6 and denies GE is entitled to the relief it seeks in Paragraph 6.

7.      Paragraph 7 does not make a factual allegation as to Alta Power. To the extent GE purports it does, Alta Power denies any factual allegations contained in Paragraph 7 and denies GE is entitled to the relief it seeks in Paragraph 7.

## PARTIES

8. Paragraph 8 does not make factual allegations as to Alta Power.

9. Alta Power admits the allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10. Alta Power admits that the amount in controversy exceeds $75,000, but denies the remainder of the legal conclusions contained in Paragraph 10. This Court does not have subject matter jurisdiction over this case, and the case should be remanded to Dallas County District Court.

11. Alta Power admits the allegations contained in Paragraph 11.

12. Alta Power denies that this Court has subject matter jurisdiction over this case. However, to the extent that the Court disagrees and finds that it has subject matter jurisdiction, Alta Power admits that venue in the Northern District of Texas is proper.

## FACTUAL BACKGROUND

13. Alta Power admits the allegations contained in Paragraph 13.

14. Alta Power admits the allegations contained in Paragraph 14.

15. Alta Power denies the allegation contained in Paragraph 15.

16. The Master Agreement is a written agreement between Alta Power and Wattstock, the terms of which speak for itself. Alta Power admits that the Master Agreement contains the language in Paragraph 16, and that the Master Agreement conditionally limits Alta Power and WattStock's liability *to one another* in certain

circumstances to the extent the Master Agreement is enforceable. Alta Power otherwise denies the allegations contained in Paragraph 16.

17. Paragraph 17 recites a paragraph from the Master Agreement. No factual allegation is made.

18. Alta Power admits that the quote in Paragraph 18 accurately sets forth the text of Article 9.1(B) of the Master Agreement, but denies that that provision "applies to Alta, WattStock, and the Parties' respective officers, directors, partners, employees, contractors, or subcontractors" in this case, and further denies that Section 9.1(B) is applicable to or can be invoked by GE in this case.

19. Alta Power denies the allegations contained in Paragraph 19.

20. Alta Power denies the allegations contained in Paragraph 20.

21. Alta Power admits that Article 12.3 of the Master Agreement does provide, in part, that "each party has hereto has been represented by counsel and participated in the drafting of this agreement." Alta Power denies the remaining factual allegations contained in Paragraph 21.

22. Alta Power admits the allegations contained in Paragraph 22.

23. Alta Power denies the allegations contained in Paragraph 23.

24. Alta Power admits the allegations contained in Paragraph 24.

25. Alta Power admits that it filed a Third-Party Petition against GE on February 24, 2021, and further admits that it asserted that GE was vicariously liable for the damages caused by WattStock's various breaches and tortious conduct. Alta Power denies the remainder of the allegations contained in Paragraph 25.

4

26. Alta Power admits the allegations contained in Paragraph 26.

27. Alta Power admits the allegations contained in Paragraph 27.

28. Alta Power admits the allegations contained in Paragraph 28.

29. Alta Power denies the allegations contained in Paragraph 29.

30. Alta Power admits that GE filed a Third-Party Answer in Cause No. DC-20-08331 on June 18, 2021, and also admits that July 18, 2021 pre-dates the removal of this case to this Court. Alta Power otherwise denies the allegations contained in Paragraph 30.

## CAUSES OF ACTION

### Count I: Declaratory Judgment (Incidental, Indirect, and Consequential Damages)

31. Alta Power repeats and incorporate by reference the responses contained in each of the foregoing Paragraphs.

32. Alta Power admits that the Master Agreement contains the language quoted in Paragraph 32, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

33. Alta Power denies the allegations contained in Paragraph 33, as well as the legal conclusion contained in Paragraph 32.

34. Alta Power denies the allegations contained in Paragraph 34.

35. Alta Power denies the allegations contained in Paragraph 35.

36. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 36. To the extent there are any factual allegations in Paragraph 36, Alta Power denies those allegations.

37. Alta Power Alta Power denies that GE is entitled to the relief it seeks in Paragraph 37. To the extent there are any factual allegations in Paragraph 37, Alta Power denies those allegations.

38. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 38. To the extent there are any factual allegations in Paragraph 38, Alta Power denies those allegations.

### Count II: Declaratory Judgment (Limitation of Liability)

39. Alta Power repeats and incorporate by reference the responses contained in each of the foregoing Paragraphs.

40. Alta Power admits that the Master Agreement contains the language quoted in Paragraph 40, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

41. Alta Power admits the allegations contained in Paragraph 41.

42. Alta Power denies the allegations contained in Paragraph 42.

43. Alta Power admits the allegations contained in Paragraph 43.

44. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 44. To the extent there are any factual allegations in Paragraph 44, Alta Power denies those allegations.

45. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 45. To the extent there are any factual allegations in Paragraph 45, Alta Power denies those allegations.

46. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 46. To the extent there are any factual allegations in Paragraph 46, Alta Power denies those allegations.

47. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 47. To the extent there are any factual allegations in Paragraph 47, Alta Power denies those allegations.

48. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 48. To the extent there are any factual allegations in Paragraph 48, Alta Power denies those allegations.

**Count III: Breach of Contract (Incidental, Indirect, and Damages)**

49. Alta Power repeats and incorporate by reference the responses contained in each of the foregoing Paragraphs.

50. Alta Power denies the legal conclusions contained in Paragraph 50. To the extent there are any factual allegations in Paragraph 50, Alta Power denies those allegations.

51. Alta Power denies the legal conclusion contained in Paragraph 51. To the extent there are any factual allegations in Paragraph 51, Alta Power denies those allegations.

52. Alta Power denies the legal conclusions contained in Paragraph 52. To the extent there are any factual allegations in Paragraph 52, Alta Power denies those allegations.

53. Alta Power admits that the Master Agreement contains the language quoted in Paragraph 53, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

54. Alta Power admits that the Master Agreement contains the language quoted in Paragraph 54, but denies that the Master Agreement applies to GE or otherwise benefits GE in any way.

55. Alta Power denies the allegations contained in Paragraph 55.

56. Alta Power denies the legal conclusion contained in Paragraph 56. To the extent there are any factual allegations in Paragraph 56, Alta Power denies those allegations.

57. Alta Power admits that GE held itself out as WattStock's partner, and that Alta Power alleges GE is liable for WattStock's conduct as well as GE's own tortious conduct. To the extent Paragraph 57 contains additional factual allegations, those allegations are denied.

58. Alta Power denies the allegations contained in Paragraph 58.

59. Alta Power denies the allegations contained in Paragraph 59.

60. Alta Power denies the allegations contained in Paragraph 60.

61. Alta Power denies the allegations contained in Paragraph 61.

**REQUEST FOR ATTORNEYS' FEES**

62. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 62.

## CONDITIONS PRECEDENT

63. Alta Power denies that GE is entitled to the relief it seeks in Paragraph 63. To the extent there are any factual allegations in Paragraph 63, Alta Power denies those allegations.

## ALTA POWER'S AFFIRMATIVE AND OTHER DEFENSES

1. GE has failed to state a claim against Alta Power upon which relief can be granted.

2. GE lacks standing to enforce the Master Agreement because it is neither a party to nor a third-party beneficiary of the Master Agreement.

3. GE's claims/requests for relief fail because the Master Agreement was procured by both GE and WattStock's fraud.

4. GE's claims are barred, in whole or in part, by the doctrine of laches, acquiescence, equitable estoppel, promissory estoppel, and unclean hands.

Alta Power reserves the right to assert any other affirmative defenses during and following discovery in this action.

## ALTA POWER'S REQUESTS FOR RELIEF

WHEREFORE, Alta Power prays that GE's counterclaims be dismissed, and that this Court award Alta Power their costs and reasonable attorneys' fees in defending against GE's counterclaims, and award such other and further relief to which Alta Power may be justly entitled.

## DEMAND FOR JURY TRIAL

Alta Power hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: *Jeb Golinkin*
    Michael Cancienne
    State Bar No. 24055256
    Joseph W. ("Jeb") Golinkin II
    State Bar No. 24087606
    1980 Post Oak Blvd., Suite 2300
    Houston, Texas 77056
    Telephone: 713.955.4025
    mcancienne@jlcfirm.com
    jgolinkin@jlcfirm.com

    BAKER BOTTS L.L.P.
    Jessica B. Pulliam
    State Bar. No. 24037309
    John Lawrence
    State Bar No. 24055825
    2001 Ross Avenue, Suite 900
    Dallas, TX 75201-2980
    Telephone: 214.953.6500
    jessica.pulliam@bakerbotts.com
    john.lawrence@bakerbotts.com

ATTORNEYS FOR ALTA POWER LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record in this case.

*/s/ Jeb Golinkin*
Joseph W. Golinkin II