

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 29, 2023**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § § | |
| **WATTSTOCK, LLC** | § § | Case No. 21-31488 (SGJ) |
| | § | (Chapter 11, Subchapter V) |
| Debtor. | § § | |
| _____ | § § | |
| **WATTSTOCK, LLC** | § § | |
| Plaintiff/Counter-Defendant, | § § | |
| vs. | § § | Adversary No. 21-03083 (SGJ) |
| **ALTA POWER LLC** | § § | Removed from the District Court of |
| Defendant/Counter-Plaintiff/ | § | Dallas County, Texas, 116th |
| Third-Party Plaintiff | § | Judicial District |
| vs. | § § | Case No. DC-20-08331 |
| **GENERAL ELECTRIC** | § § | |
| **INTERNATIONAL INC., d/b/a** | § | |
| **GE POWER SERVICES,** | § § | |
| Third-Party Defendant. | § § | |

1

# ORDER GRANTING MOTION TO REMAND ACTION BACK TO STATE COURT
# [DE # 106]

Before this court is a Motion to Remand [DE # 106], with supporting Brief [DE # 107], filed on February 1, 2023, by Alta Power LLC ("Alta"), originally a defendant, and now in the capacity as a third-party plaintiff in the above-referenced action ("Action").  Alta requests that this bankruptcy court remand the Action back to state court where it began, either pursuant to 28 U.S.C. § 1334(c)(2), or pursuant to the court's equitable discretion under 28 U.S.C. § 1452(b). The only other remaining party in the Action, General Electric International, Inc. ("GE") opposes the motion.   For the reasons set forth below, the court orders equitable remand of this Action, pursuant to 28 U.S.C. § 1452(b), and directs the clerk to administratively close the Action.  All other pending relief is denied.

The court begins by noting that the Action was commenced in state court in mid-2020. In a nutshell, it involves a failed business transaction involving aeroderivative gas turbines that the party Alta planned to install at so-called "peaker plants" to generate power for the energy grid in Texas.  The Action raises claims of breach of contract and numerous torts and state law liability theories. The Action was removed by the original plaintiff, Wattstock LLC ("Wattstock"), on November 9, 2021, after Wattstock filed a chapter 11 bankruptcy case. Wattstock's removal was effectuated pursuant to 28 U.S.C. § 1452(a), on the basis that the claims in the action were "related to" its bankruptcy case.

There were three parties in the Action at the time of removal: (1) the Debtor, Wattstock; (2) the original defendant Alta; and (3) GE, who was brought into the litigation by Alta, asserting third-party claims against it.   It is undisputed that all claims asserted in the Action were—and

still are—based on state law. All parties agreed early on that all claims in the Action were mere "non-core," "related to" claims. *See* 28 U.S.C. §§1334(b) and 157(b). When Alta filed a motion to withdraw the reference of the Action shortly after WattStock's removal of it, the bankruptcy court promptly recommended that the District Court withdraw the reference when the Action was trial-ready, since only "non-core" claims were involved, and the parties had demanded a jury trial (without consenting to the bankruptcy court conducting the jury trial). The District Court adopted that recommendation and directed the bankruptcy court to preside over pre-trial matters until the Action was trial-ready.

Fast forward several months. Recently, WattStock (now a *former* Debtor, since its Chapter 11 plan has been confirmed) settled all claims with Alta. Thus, WattStock is no longer a party in this Action anymore. All parties agree that WattStock has no interest in the Action of any sort at this point. Nothing that happens in the Action will impact creditors in any way. For ease of reference, the timeline below sets forth all relevant dates:

6/16/20: Action began when the former Chapter 11 debtor, WattStock, sued Alta in the 116th Judicial District Court of Dallas County.

6/22/20: Alta filed counterclaims against WattStock.

2/24/21: Eight months later, Alta filed a Counterclaim and Third-Party Petition against GE, which brought GE into the Action.

8/17/21: WattStock filed Chapter 11.

9/9/21: Alta filed a bankruptcy proof of claim against WattStock.

11/9/21: WattStock removed the Action to Bankruptcy Court based on bankruptcy "related to" subject matter jurisdiction.

12/13/21: Alta filed a motion to withdraw reference.

3

1/7/22: Bankruptcy Court issued Report & Recommendation to District Court, recommending withdrawal of the reference when Action is trial-ready, due to non-core nature of claims and jury trial rights.

3/22/22: District Court accepted Bankruptcy Court's Report & Recommendation that Action should be withdrawn when trial-ready, with Bankruptcy Court handling pre-trial matters.

1/20/23: Alta and WattStock filed an agreed motion to dismiss their claims against one another with prejudice. The Bankruptcy Court granted that motion, thereby dismissing WattStock from the Action.

2/1/23: Motion for Remand filed by Alta.

Alta wants the bankruptcy court to send the Action back to state court. GE wishes for the Action to stay in federal court. GE urges that, even though the former Debtor is no longer a party in the Action, and there is no longer a bankruptcy estate being administered, there are at least two reasons to keep the Action in federal court.[1] Reason #1 is that the "time-of-filing rule" applies here, such that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked—thus, it does not matter that WattStock is no longer a party. In other words, bankruptcy subject matter jurisdiction has not been lost. Reason #2 is that federal diversity jurisdiction allegedly now *also* exists, pursuant 28 U.S.C. § 1332, since the sole remaining plaintiff (Alta) and sole remaining defendant (GE) are citizens of different states—to be clear, complete diversity did not exist when WattStock was in the Action and removed the Action to the bankruptcy court.

---

[1] GE also urges there are equitable grounds to keep the Action in federal court.

This court acknowledges that GE is correct on point #1. Bankruptcy subject matter jurisdiction did not evaporate simply because WattStock, the former Debtor, is no longer a party in the Action. *See, e.g., Double Eagle Energy Services, L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F. 3d 260 (5th Cir. 2019) (noting that the "time-of-filing rule"—that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked—is "hornbook law," citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004), and further holding that this rule applies when an action is related to a bankruptcy, but then something happens that dissolves the bankruptcy connection); *Doddy v. Oxy USA,* 101 F.3d 448, 456 (5th Cir. 1996) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

However, the court disagrees with GE on point #2. In other words, the alleged "newly created federal diversity jurisdiction" is not a compelling basis for arguing against remand. *See Mugica v. Helena Chemical Co. (In re Mugica)*, 362 B.R. 782 (Bankr. S.D. Tex. 2007). To be clear, when this Action was commenced, the parties were ***not*** completely diverse. In fact, more than one year passed before the parties became sufficiently diverse to invoke diversity jurisdiction. *See* 28 U.S.C. §§ 1332 & 1446(b). The court rejects the assertion that federal diversity jurisdiction can now be asserted with regard to the Action. *See Mugica*, 362 B.R. at 792 (Judge Isgur declined to hold that newly created diversity jurisdiction prevented remand of a matter originally removed on the basis of bankruptcy "related to" jurisdiction).

In any event, this court has wide discretion to remand the Action on equitable grounds here—even though federal bankruptcy subject matter technically still exists pursuant to 28 U.S.C. § 1334(b). Bankruptcy courts typically consider the following factors when deciding whether to remand on equitable grounds: (1) the effect or lack thereof on the efficient

administration of the estate if the court decides to remand or abstain; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re Heritage Sw. Med. Grp., P.A.*, 423 B.R. 809, 815 (Bankr. N.D. Tex. 2010), *aff'd sub nom. Aetna Life Ins. Co. v. Kollmeyer*, 448 B.R. 749 (N.D. Tex. 2011), *aff'd sub nom. In re Heritage Sw. Med. Grp. PA*, 464 Fed. App'x 285 (5th Cir. 2012).

    These equitable factors heavily weigh in favor of sending the Action back to state court. As noted, with WattStock having been dismissed, this litigation will have no impact on the administration of a bankruptcy estate, and no impact on any distributions made to any creditor. There is absolutely no relatedness to a bankruptcy case at this point, as a practical matter. Moreover, Alta's claims against GE all originate under state law. The parties have differences of opinion regarding the interpretation and application of that law on several key issues—including partnership by estoppel, agency, the economic loss rule, contractual waivers, and limitation of damages. State law issues do not merely predominate; they are exclusively what is at issue. The court believes that proper deference to state law and notions of comity require remand.  Finally,

the court does not believe that concerns of prejudice or forum shopping tip the scale here. It was WattStock—not the sole two parties who remain—that removed this Action for the obvious reason that it was trying to consolidate all disputes into one forum (the bankruptcy court). This court believes that it is in the interests of the fair administration of justice to return the Action to the court that presided over it for more than 14 months before the WattStock bankruptcy case caused a detour.

Accordingly, IT IS HEREBY ORDERED that the Action shall be immediately and is hereby remanded to the 116th Judicial District Court of Dallas County, Texas.

***END OF ORDER***