**GIBSON, DUNN & CRUTCHER LLP**
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Tel:  214.698.3100
TCox@gibsondunn.com
ALegrand@gibsondunn.com

Robert Klyman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:  213.229.7562
RKlyman@gibsondunn.com

*Counsel to General Electric International, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE WATTSTOCK, LLC,**<br><br>    *Debtor*.<br><br>**WATTSTOCK, LLC,**<br><br>    *Plaintiff,*<br><br>**v.**<br><br>**ALTA POWER LLC,**<br><br>    *Defendant, Counter-Plaintiff, and Third-Party Plaintiff,*<br><br>**v.**<br><br>**WATTSTOCK, LLC,**<br><br>    *Counter-Defendant,* **and**<br><br>**GENERAL ELECTRIC INTERNATIONAL, INC., d/b/a GE POWER SERVICES,**<br><br>    *Third-Party Defendant.* | **Case No. 21-31488-sgj11V**<br><br>**Chapter 11**<br>**Subchapter V**<br><br>**Adv. No. 21-03083-sgj**<br><br>*Removed from the District Court of Dallas County, Texas, 116th Judicial District*<br><br>**Case No. DC-20-08331** |

**GENERAL ELECTRIC INTERNATIONAL, INC.'S BRIEF IN SUPPORT OF ITS
MOTION TO RECONSIDER THE COURT'S
*ORDER GRANTING MOTION TO REMAND ACTION BACK TO STATE COURT***

GE moves the Court to convert its order granting Alta's motion for remand into a report and recommendation because it lacks the power to enter an order remanding this case, which involves "only 'non-core' claims."  *See* ECF 140, at 3 ("Remand Order"); 28 U.S.C. § 157(c). Rather than raise this procedural infirmity for the first time on appeal, GE files this motion to permit the Court the opportunity to address the error in the first instance by converting its order into a report and recommendation.  *See* Fed. R. Civ. P. 59(e); *see also* Fed. R. Bankr. P. 9023.

1.     As the Court made clear in its remand order, this adversary proceeding involves "only 'non-core' claims"—and neither party has consented to the bankruptcy court entering orders or judgment.  Remand Order at 3 ("All parties agreed early on that all claims in the Action were mere 'non-core,' 'related to' claims."); *id*. at 4 (this Court recommended "withdrawal of the reference when Action is trial-ready, due to non-core nature of claims and jury trial rights"); ECF 107, at 2 (Alta Remand Br.) ("Alta Power and GE both agree that the remaining claims are 'non-core'"); *see also* ECF 19, at 2–3 ("the parties do not consent to the entry of a final judgment or order by the bankruptcy court").

Accordingly, this Court's authority is limited to "submit[ting] proposed findings of fact and conclusions of law to the district court," which can then enter "any final order or judgment" after de novo review.  28 U.S.C. § 157(c)(1); *see Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670–71 (2015) ("Absent consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district courts review *de novo*."); *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) ("If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law.  Then, the district court

must review the proceeding *de novo* and enter final judgment.").[1]

2.     This limitation on bankruptcy courts' power is mandated not only by statute but also by the Constitution.  It is necessary to preserve the right of non-consenting litigants to have non-bankruptcy claims adjudicated *de novo* by an Article III judge.  *See Executive Benefits*, 573 U.S. at 32–33 (assignment of a state-law claim "against an entity not otherwise a party to the [bankruptcy] proceeding" to "the bankruptcy judge 'violates Art. III of the Constitution'") (quoting *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 76 (1982) (plurality)); *N. Pipeline*, 458 U.S. at 91 (Rehnquist, J., joined by O'Connor, J., concurring) ("traditional appellate review by Art. III courts" is insufficient to "save the grant of authority" to the bankruptcy courts); *see also In re Castlerock Properties*, 781 F.2d 159, 161–62 (9th Cir. 1986) ("if the district court can review *de novo*, giving no deference to findings of the bankruptcy judge, [non-core] proceedings can be held before a non-Article III court").

This is precisely the reason that every court of appeals to address the question has held that—absent consent—magistrate judges cannot enter a remand order but must instead issue a report and recommendation.  *Davidson v. Georgia-Pac., LLC*, 819 F.3d 758, 763 (5th Cir. 2016) (citing cases).  Were the rule otherwise, the Fifth Circuit explained, "an Article III judge might never exercise *de novo* review of a case during its entire federal lifespan," because "a remand order is dispositive insofar as proceedings in the federal court are concerned and thus is the functional equivalent of an order of dismissal."  *Id.* at 763–64 (internal quotation marks omitted) (noting that a magistrate's orders can be set aside only if "clearly erroneous or contrary to law").

To avoid the "constitutional difficulties" that would present, the courts of appeals have consistently limited "the matters in which a magistrate judge may enter orders without *de novo*

---

[1] *See also* ECF 19 (entering a report and recommendation in response to Alta's motion to withdraw the reference).

Article III review" to exclude remand orders.  *Id*.  That constitutional rationale applies with equal

force in the bankruptcy context.  *See Wellness Int'l*, 575 U.S. at 681 ("So long as [bankruptcy]

judges are subject to control by the Article III courts, their work poses no threat to the separation

of powers.").

* * *

There is no dispute that this is a non-core proceeding and that the parties did not consent

to the bankruptcy court entering "appropriate orders and judgments."  28 U.S.C. § 157(c)(2).

Accordingly, this Court's authority was statutorily limited to submitting "proposed findings of fact

and conclusions of law to the district court."  *Id.* § 157(c)(1).  Because its order remanding this

case to state court exceeded that authority, *see Davidson*, 819 F.3d at 763–64, it should grant GE's

motion to reconsider and convert its order into a report and recommendation.

Dated:  April 10, 2023

Respectfully submitted,

/s/   *Andrew LeGrand*
John T. Cox III (Tex. Bar No. 24003722)
Andrew LeGrand (Tex. Bar No. 24070132)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Tel:  214.698.3100
Email: TCox@gibsondunn.com
            ALegrand@gibsondunn.com

Robert Klyman (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel:  213.229.7562
Email:  RKlyman@gibsondunn.com

*Counsel to General Electric International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on counsel

of record pursuant to the Federal Rules of Civil Procedure.

/s/   *Andrew Legrand*
Andrew LeGrand

*Attorney for General Electric*
*International, Inc.*

## **CERTIFICATE OF CONFERENCE**

I certify that on April 10, 2023, I conferred in good faith with Michael Cancienne, counsel for Alta Power LLC, who indicated that his client opposed the requested relief.  Counsel for Alta has agreed to the expedited briefing schedule set forth in the motion accompanying this brief.

/s/   *Andrew Legrand*
Andrew LeGrand

*Attorney for General Electric
International, Inc.*