

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 25, 2023**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| WATTSTOCK, LLC | § | Case No. 21-31488 (SGJ) |
| | § | (Chapter 11, Subchapter V) |
|     Debtor. | § | |
| ⸻⸻⸻⸻⸻⸻⸻⸻ | § | |
| | § | |
| WATTSTOCK, LLC | § | |
|     Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | Adversary No. 21-03083 (SGJ) |
| | § | |
| ALTA POWER LLC | § | Removed from the District Court of |
|     Defendant/Counter-Plaintiff/ | § | Dallas County, Texas, 116th |
|     Third-Party Plaintiff | § | Judicial District |
| vs. | § | Case No. DC-20-08331 |
| | § | |
| GENERAL ELECTRIC | § | |
| INTERNATIONAL INC., d/b/a | § | |
| GE POWER SERVICES, | § | |
| | § | |
|     Third-Party Defendant. | § | |

**<u>ORDER GRANTING MOTION TO RECONSIDER OF GENERAL ELECTRIC
INTERNATIONAL INC., D/B/A GE POWER SERVICES [DE # 151] AND
VACATING ORDER GRANTING MOTION TO REMAND ACTION
BACK TO STATE COURT
[DE # 106]</u>**

Before this court is the Motion for Reconsideration (with Supporting Brief) [DE ## 151

& 152] pertaining to this court's Order Granting Motion for Remand [DE # 140] back to state

court. The court agrees with the position of General Electric International Inc., d/b/a GE Power

Services ("GE") that the Fifth Circuit's opinion in *Davidson v. Georgia-Pac., LLC,* 819 F.3d 758

(5th Cir. 2016)—although dealing with magistrate judges—casts doubt upon the ability of an

Article I bankruptcy judge to render a final order of remand in an action in which:  (a) only non-

core "related to" claims are involved, and (b) not every party has consented to the bankruptcy

court entering final orders. *See id*. at 763-764 ("a remand order is dispositive insofar as

proceedings in the federal court are concerned and thus is the functional equivalent of an order of

dismissal"). In a nutshell, GE believes that the constitutional rationale given by the Fifth Circuit

in the *Davidson* case, for not permitting magistrate judges to issue final orders of remand, applies

with equal force in the bankruptcy context. GE's argument is sound.   Accordingly, this court

hereby:

GRANTS GE's Motion for Reconsideration;

VACATES the bankruptcy court's Order Granting Motion to Remand Action to State

Court; and

WILL RECAST its Order Granting Motion to Remand Action to State Court as a Report

and Recommendation to the District Court.

***END OF ORDER***