

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 25, 2023**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **WATTSTOCK, LLC** § | BK Case No. 21-31488 (SGJ) | |
| § | (Chapter 11, Subchapter V) | |
| Debtor. § | | |
| §  | | |
| §  | | |
| **WATTSTOCK, LLC** § | | |
| Plaintiff/Counter-Defendant, § | | |
| § | | |
| vs. § | BK Adv. Proc. No. 21-03083 (SGJ) | |
| § | | |
| **ALTA POWER LLC** § | Removed from the District Court of | |
| Defendant/Counter-Plaintiff/ § | Dallas County, Texas, 116th | |
| Third-Party Plaintiff § | Judicial District | |
| vs. § | Case No. DC-20-08331 | |
| § | | |
| **GENERAL ELECTRIC** § | | |
| **INTERNATIONAL INC., d/b/a** § | D. Ct. Civ. Act. No. 3:23-cv-0270-X | |
| **GE POWER SERVICES,** § | | |
| § | | |
| Third-Party Defendant. § | | |

1

# REPORT AND RECOMMENDATION TO DISTRICT COURT PROPOSING THAT IT GRANT MOTION TO REMAND ACTION BACK TO STATE COURT, PURSUANT TO 28 U.S.C. §1452(B) [DE # 106][1]

**Introduction.**

The above-referenced action ("Action") has a slightly confusing procedural history. Ultimately, the Bankruptcy Court is recommending that the District Court remand the Action back to state court, where it was pending for 17 months before one party (Wattstock, LLC-the original Plaintiff), filed Chapter 11 and removed it. Equitable remand, pursuant to 28 U.S.C. § 1452(b), now seems appropriate since: (a) Wattstock, LLC has settled its disputes with the parties and is no longer a party to the Action; (b) Wattstock, LLC has emerged from bankruptcy and the Action will have no effect whatsoever on its confirmed Chapter 11 plan; (c) very little of substance has happened since removal, and (d) solely state law issues are involved.

One of the two remaining parties (third-party defendant General Electric International Inc., d/b/a GE Power Services; hereinafter "GE") objects to remand. The other remaining party (Alta Power LLC; hereinafter "Alta"—the original defendant and third-party plaintiff) is the one seeking remand, through a Motion for Remand [DE # 106], with supporting Brief [DE # 107], filed February 1, 2023. The Bankruptcy Court held a hearing on March 27, 2023 and thereafter, on March 29, 2023, issued an Order Granting Motion for Remand [DE # 140] which GE appealed to the District Court the very same day (docketed as Civ. Act. No 3:23-cv-00679-G). Then on April 10, 2023, GE filed a Motion to Reconsider [DE ## 151 & 152]—arguing for the first time that a bankruptcy judge, since he/she is not an Article III judge, may not issue a final

---

[1] "DE # ___" refers to the entry number at which an order or pleading appears on the docket maintained by the Bankruptcy Clerk in Adv. Proc. No 21-0383.

order on a motion for remand, absent consent of all parties, pursuant to the rationale in a Fifth Circuit opinion dealing with magistrate judges. *Davidson v. Georgia-Pac., LLC,* 819 F.3d 758, 763-64 (5th Cir. 2016) ("a remand order is dispositive insofar as proceedings in the federal court are concerned and thus is the functional equivalent of an order of dismissal"). In a nutshell, GE believes that the constitutional rationale given by the Fifth Circuit in the *Davidson* case applies with equal force in the bankruptcy context. This court believes GE's interpretation of *Davidson* is correct. Therefore, the Bankruptcy Court has decided to grant GE's Motion to Reconsider, vacate its Order Granting Motion for Remand, and recast its Order Granting Motion for Remand as a Report and Recommendation to the District Court. For the reasons set forth below, the Bankruptcy Court recommends that the District Court equitably remand this Action, pursuant to 28 U.S.C. § 1452(b).

**II. Relevant Facts and Timeline.**

Alta has requested that the court remand the Action back to state court where it began, either pursuant to 28 U.S.C. § 1334(c)(2), or pursuant to the court's equitable discretion under 28 U.S.C. § 1452(b). The only other remaining party in the Action, GE, opposes remand.

The court begins by noting that the Action was commenced by the original plaintiff Wattstock LLC in state court on June 16, 2020. The Action involves a failed business transaction involving aeroderivative gas turbines that the party Alta planned to install at so-called "peaker plants" to generate power for the energy grid in Texas. The Action raises claims of breach of contract and numerous torts and state law liability theories. There are no federal questions involved. The Action was removed by Wattstock LLC, on November 9, 2021, after Wattstock filed a chapter 11 bankruptcy case, relying on 28 U.S.C. §§ 1452(a) as the basis for

3

removal—i.e., that the claims in the action were "related to" its bankruptcy case. *See also* 28 U.S.C. § 1334(b).

To be clear, while the Action was originally just Wattstock suing Alta, there were three parties in the Action at the time of removal: (1) the Debtor, Wattstock; (2) the original defendant Alta; and (3) GE, who was brought into the litigation by Alta, asserting third-party claims against it. To further clarify, it is undisputed that all claims asserted in the Action were—and still are—based on state law. All parties agreed early on that all claims in the Action were mere "non-core," "related to" claims. *See* 28 U.S.C. §§1334(b) and 157(b). When Alta filed a motion to withdraw the reference of the Action shortly after WattStock's removal of it, the bankruptcy court promptly recommended that the District Court withdraw the reference when the Action was trial-ready, since only "non-core" claims were involved, and since the parties had demanded a jury trial (without consenting to the bankruptcy court conducting the jury trial). The District Court adopted that recommendation and directed the bankruptcy court to preside over pre-trial matters until the Action was trial-ready.

Fast forward several months. Recently, WattStock (now a *former* Debtor, since its Chapter 11 plan has been confirmed) settled all claims with Alta. Thus, WattStock is no longer a party in this Action anymore. All parties agree that WattStock has no interest in the Action of any sort at this point. Nothing that happens in the Action will impact creditors in any way. For ease of reference, the timeline below sets forth all relevant dates:

6/16/20: Action began when the former Chapter 11 debtor, WattStock, sued Alta in the 116th Judicial District Court of Dallas County.

6/22/20: Alta filed counterclaims against WattStock.

2/24/21:  Eight months later, Alta filed a Counterclaim and Third-Party Petition against GE, which brought GE into the Action.

8/17/21:  WattStock filed Chapter 11.

9/9/21:  Alta filed a bankruptcy proof of claim against WattStock.

11/9/21:  WattStock removed the Action to Bankruptcy Court based on bankruptcy "related to" subject matter jurisdiction.  28 U.S.C. § 1452(a).

12/13/21:  Alta filed a motion to withdraw reference.

1/7/22:  Bankruptcy Court issued Report & Recommendation to District Court, recommending withdrawal of the reference when Action is trial-ready, due to non-core nature of claims and jury trial rights.

3/22/22:  District Court accepted Bankruptcy Court's Report & Recommendation that Action should be withdrawn when trial-ready, with Bankruptcy Court handling pre-trial matters.

1/20/23:  Alta and WattStock filed an agreed motion to dismiss their claims against one another with prejudice.  The Bankruptcy Court granted that motion, thereby dismissing WattStock from the Action.

2/1/23:  Motion for Remand filed by Alta.

While Alta wants the Action sent back to state court, GE wishes for the Action to stay in federal court.  GE urges that, even though the former Debtor is no longer a party in the Action, and there is no longer a bankruptcy estate being administered, there are at least two reasons to keep the Action in federal court.[2]  Reason #1 is that the "time-of-filing rule" applies here, such that subject matter jurisdiction is determined when a federal court's jurisdiction is first

---

[2] GE also urges there are equitable grounds to keep the Action in federal court.

invoked—thus, it does not matter that WattStock is no longer a party. In other words, bankruptcy subject matter jurisdiction has not been lost. Reason #2 is that federal diversity jurisdiction allegedly now *also* exists, pursuant 28 U.S.C. § 1332, since the sole remaining plaintiff (Alta) and sole remaining defendant (GE) are citizens of different states—to be clear, complete diversity did not exist when WattStock was in the Action and removed the Action to the Bankruptcy Court.

This court acknowledges that GE is correct on point #1. Bankruptcy subject matter jurisdiction did not evaporate simply because WattStock, the former Debtor, is no longer a party in the Action. *See, e.g., Double Eagle Energy Services, L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F. 3d 260 (5th Cir. 2019) (noting that the "time-of-filing rule"—that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked—is "hornbook law," citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004), and further holding that this rule applies when an action is related to a bankruptcy, but then something happens that dissolves the bankruptcy connection); *Doddy v. Oxy USA,* 101 F.3d 448, 456 (5th Cir. 1996) ("[I]f jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

However, the court disagrees with GE on point #2. In other words, the alleged "newly created federal diversity jurisdiction" is not a compelling basis for arguing against remand. *See Mugica v. Helena Chemical Co. (In re Mugica)*, 362 B.R. 782 (Bankr. S.D. Tex. 2007). To be clear, when this Action was commenced, the parties were ***not*** completely diverse. In fact, more than one year passed before the parties became sufficiently diverse to invoke diversity jurisdiction. *See* 28 U.S.C. §§ 1332 & 1446(b). The court rejects the assertion that federal diversity jurisdiction can now be asserted with regard to the Action. *See Mugica*, 362 B.R. at 792

(Judge Isgur declined to hold that newly created diversity jurisdiction prevented remand of a matter originally removed on the basis of bankruptcy "related to" jurisdiction).

In any event, this court has wide discretion to remand the Action on equitable grounds here—even though federal bankruptcy subject matter technically still exists pursuant to 28 U.S.C. § 1334(b). Section 1452(b) of title 28 provides that the court to which a claim or cause of action was removed "may remand such claim or cause of action on any equitable ground." Courts typically consider the following factors when deciding whether to remand on equitable grounds pursuant to 28 U.S.C. § 1452(b): (1) the effect or lack thereof on the efficient administration of the estate if the court decides to remand or abstain; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re Heritage Sw. Med. Grp., P.A.*, 423 B.R. 809, 815 (Bankr. N.D. Tex. 2010), *aff'd sub nom. Aetna Life Ins. Co. v. Kollmeyer*, 448 B.R. 749 (N.D. Tex. 2011), *aff'd sub nom. In re Heritage Sw. Med. Grp. PA*, 464 Fed. App'x 285 (5th Cir. 2012).

Document    Page 8 of 8

These equitable factors heavily weigh in favor of sending the Action back to state court. As noted, with WattStock having been dismissed, this litigation will have no impact on the administration of a bankruptcy estate, and no impact on any distributions made to any creditor. There is absolutely no "relatedness" to a bankruptcy case at this point, as a practical matter. Moreover, Alta's claims against GE all originate under state law. The parties have differences of opinion regarding the interpretation and application of that law on several key issues—including partnership by estoppel, agency, the economic loss rule, contractual waivers, and limitation of damages. State law issues do not merely predominate; they are exclusively what is at issue. The court believes that proper deference to state law and notions of comity require remand. Finally, the court does not believe that concerns of prejudice or forum shopping tip the scale here. It was WattStock—not the sole two parties who remain—that removed this Action for the obvious reason that it was trying to consolidate all disputes into one forum (the Bankruptcy Court). This court believes that it is in the interests of the fair administration of justice to return the Action to the court that presided over it for more than 17 months before the WattStock bankruptcy case caused a detour.

Accordingly, IT IS HEREBY RECOMMENDED that the Action be remanded to the 116th Judicial District Court of Dallas County, Texas.

***END OF REPORT AND RECOMMENDATION***